United States District Court
Southern District of Texas
**ENTERED**
April 06, 2021
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
|   **Plaintiff,** | § | |
| | § | |
|   **v.** | § | **CRIMINAL NO. 2:18-298** |
| | § | |
| **MICHAEL ALVAREZ,** | § | |
|   **Defendant.** | § | |

### MEMORANDUM OPINION & ORDER

Pending before the Court are Defendant Michael Alvarez's letter motion for compassionate release (D.E. 25) and Emergency Motion for Order Reducing Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (D.E. 36), to which the Government has responded (D.E. 33, 37).

## I. BACKGROUND

On March 25, 2018, Defendant pulled into the US Border Patrol checkpoint near Falfurrias, Texas, and a service canine alerted to the vehicle. Defendant's daughter and step-grandson, both minors, were in his vehicle at the time. A search of his truck uncovered $3,017 in cash, 0.42 grams of methamphetamine, and 22 bundles of marijuana wrapped in electrical tape and totaling 117 kilograms in weight. Defendant eventually pled guilty to possession with intent to distribute 117 kilograms of marijuana. He has served 36 months (60%) of his 60-month sentence and has a projected release date, after good time credit, of August 7, 2022.

On May 21, 2020, Defendant filed a letter motion to reduce his sentence to time served and/or order his immediate release to home confinement because his underlying medical conditions (hypertension, gout, and borderline diabetes) make him particularly vulnerable to severe illness or death should he contract COVID-19 while in prison. He also claimed that he is in dire need of a hip replacement and that he is the managing conservator of his 12-year-old daughter,

who is being cared for by his elderly parents who are in poor health. The Court ordered Defendant to provide copies of his current medical records and administrative request(s) for home confinement and appointed counsel to assist. On March 22, 2021, counsel filed an emergency motion to reduce Defendant's sentence to time served and add a condition of home confinement at the outset of his term of supervised release because Defendant's obesity and hypertension make him vulnerable to COVID-19.

The Government opposes a sentence reduction on the grounds that: (1) Defendant's COVID-related concerns do not constitute extraordinary and compelling reasons under the compassionate-release statute, and (2) he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the 18 U.S.C. § 3553(a) factors.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Although not dispositive, the commentary to the United States Sentencing Guidelines ('U.S.S.G.') § 1B1.13 informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

**(A) Medical Condition of the Defendant.—**
(i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
(ii) The defendant is—
(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**
The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**
(i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**
As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

4

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.

> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (internal footnotes and citations omitted).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

### A. COVID-19 Concerns

Defendant is 46 years old. He is obese (BMI = 33.9) and suffers from hypertension. *See* D.E. 36-1, pp. 1, 4. According to the Centers for Disease Control and Prevention, "obesity (BMI $\geq 30$ kg/m$^2$ but $< 40$ kg/m$^2$)" and "possibly hypertension can make you more likely to get severely ill from COVID-19." *People with Certain Medical Conditions*, CDC (Mar. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

The *Thompson* Court recently found that hypertension did not make an inmate's case extraordinary, despite causing an increased risk for COVID-19 complications, reasoning that "nearly half of the adult population in the United States suffers from hypertension." *Thompson*, 984 F.3d at 434. According to the CDC, the prevalence of obesity is 44.8% among adults 40 to 59

years. *Adult Obesity Facts*, CDC (Feb. 11, 2021), https://www.cdc.gov/obesity/data/adult.html. Like Thompson, Defendant also "can point to no case in which a court, on account of the pandemic, has granted compassionate release to an otherwise healthy defendant with two well-controlled, chronic medical conditions" and who had completed roughly half of his sentence. *See id.* at 435.

Moreover, FCI Bastrop, where Defendant is incarcerated, currently has only one active COVID-19 case among inmates. *See* https://www.bop.gov/coronavirus/ (last visited Apr. 5, 2021). The BOP is working with the CDC and the Federal Government's COVID-19 Vaccine/Therapeutics Operation to ensure the COVID-19 vaccine is "available to all staff and inmates who wish to receive it as quickly as possible." https://www.bop.gov/coronavirus/index.jsp (last visited April 5, 2021). As of April 5, 2021, 109 staff and 282 inmates at FCI Bastrop have been fully vaccinated. *Id.* On this record, the Court finds that Defendant has failed to demonstrate that extraordinary and compelling circumstances warrant a sentence reduction.

Finally, the administrative request for compassionate release Defendant submitted to the BOP was based on "non-medical circumstances – death or incapacitation of family member caregiver" and did not mention his vulnerability to COVID-19. *See* D.E. 36-2. Because he has failed to comply with the exhaustion requirements under § 3582 regarding his COVID-19 concerns, the Court is without jurisdiction to grant his motion on these grounds. *See generally Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016); *see also United States v. Reeves*, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("While the Court is well aware of the effects the Covid-19 pandemic . . . , § 3582(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period."); *United States v. Clark*, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020) (denying motion for

compassionate release based on fears of contracting COVID-19 in prison where defendant conceded he had not exhausted administrative remedies).

### B. Family Circumstances

Defendant also seeks a sentence reduction because he is the managing conservator of his 12-year-old daughter, who is being cared for by his elderly parents who are in poor health. In his administrative request for compassionate release, Defendant wrote in part, "Because of my parents['] underlying medical conditions & auto-immune deficiencies they are unable to care/transport fulfill my daughter's daily needs." D.E. 36-2. The Warden denied Defendant's request because he had not provided adequate information and documentation as required under BOP Program Statement 5050.50, including: the name of ·the incapacitated family member caregiver; verifiable medical documentation of the incapacitation; a statement that this person was the only family member capable of caring for the inmate's child; verifiable documentation that the inmate is the parent of the child; verifiable documentation providing the name and age of the child; a clear statement and documentation that the inmate has a release plan, including housing, and the financial means to care for the child immediately upon the inmate's release; and authorization from the inmate for the BOP to obtain any information or documents from any individual, medical entity or doctor, or any government agency about the inmate, family members, and minor child. D.E. 36-3. Defendant has similarly failed to offer any evidence in support of his claim that his parents are incapacitated, or that he has no other family member capable of caring for his daughter. On this record, the Court finds Defendant has not shown that extraordinary and compelling family circumstances warrant a sentence reduction.

### C. Post-Sentencing Rehabilitation

Defendant emphasizes that he has not had any disciplinary incidents while incarcerated; his risk score is low with regards to general and violent risk levels; he has worked as an orderly, a GED and math tutor, and English as a second language teacher; he has taken classes in anger management, drug treatment, and vocational trade, including major appliances and building trades; and he has been designated to participate in the Residential Drug Abuse Program. *See* D.E. 36-4, 36-5. Defendant's efforts at rehabilitation are commendable; however, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

**IV. CONCLUSION**

For the foregoing reasons, Defendant's letter motion for compassionate release (D.E. 25) and Emergency Motion for Order Reducing Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (D.E. 36) are **DENIED**.

It is so **ORDERED** this 6th day of April, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

8